# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-00417-FDW

| | | |
|---|---|---|
| CHRISTOPHER CARANZZA WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner Christopher Caranzza Williams' Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner is a prisoner of the State of North Carolina.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. Petitioner has done neither. Instead, he declares that he is unable to state any grounds for relief due to his ignorance of the law, lack of access to a law library, lack of access to legal materials, and lack of access to anyone trained in the law who might help him determine his grounds for relief. (Doc. No. 1.)

A district court may grant habeas relief to a prisoner incarcerated under a state judgment only if the prisoner is in custody in violation of the Constitution or laws or treaties of the United

1

States. 28 USCA § 2254(a). Petitioner is in custody because he was convicted and sentenced for several state crimes, not because he has been denied access to a law library or legal research materials since his convictions. Accordingly, lack of access to legal research materials in post-conviction does not constitute grounds for relief under § 2254.

The Court notes also that although judgment was entered against Petitioner on September 11, 1998, one of his four convictions was vacated in 2001,[1] by the Mecklenburg County Superior Court (Pet. 2, Doc. No. 1). Thus, it appears Petitioner was able to come up with at least one ground for relief, and to file a motion for post-conviction relief in the trial court, notwithstanding his lack of access to legal research materials.

Because Petitioner has failed to comply with Rule 2 of the Rules Governing Section 2254 Cases, the Court will dismiss the Petition without prejudice. See Rule 4, 28 U.S.C.A. foll. § 2254. Should Petitioner wish to file a § 2254 habeas petition in the future, he must specify grounds for relief and state the facts that support each ground. See Rule 2(c), id. That means he must identify the constitutional or federal statutory right at issue, and state facts that support his claim that a constitutional or federal statutory violation occurred in connection with his conviction(s) and/or sentence(s).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED without prejudice**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2);

---

[1] This information is from records maintained by the North Carolina Department of Public Safety, which are available at http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view.

Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 3, 2017

Frank D. Whitney
Chief United States District Judge